This matter is before the court on the application of appellant, James Hammon, to reopen the appeal from his conviction and sentence on one count of aggravated drug trafficking, in violation of R.C. 2925.03 (A) The state has filed a response contesting the reopening of the appeal.
On August 15, 1997, following a jury trial, appellant was convicted of one count of aggravated drug trafficking. On September 5, 1997, appellant filed a motion for a new trial. On September 26, 1997, the trial court denied appellant's motion for a new trial and thereafter sentenced him to serve twelve months in prison.
On October 27, 1997, appellant filed a timely of notice of appeal to this court; however, on December 2, 1997, this courtsua sponte dismissed appellant's appeal due to appellant's appointed counsel's failure to file a timely praecipe and docketing statement. On December 12, 1997, that same appellate counsel, Geoffrey Oglesby, filed a motion for reconsideration in this court, in which he stated that the praecipe and docketing statement were not filed because he gave them to the court reporter, who failed to forward them to this court. On February 11, 1998, this court filed a decision and judgment entry, in which we denied appellant's motion for reconsideration. On February 23, 1998, Oglesby filed a motion in this court, in which he asked for "an additional 10 days to get phone records to substantiate the faxing of the docketing statement to the court reporter." On March 2, 1998, this court denied counsel's motion because there was no appeal pending in this court at the time the motion was filed. The record next contains a file-stamped copy of a letter from appellant to attorney Oglesby, dated April 3, 1998, and filed with the Erie County Clerk of Courts on April 9, 1998, in which appellant states:
"Dear sir:
 "I have tried on numemors [sic] occasions to contact you and your associates on the progress of my appeal. Case numbers 95-CR135 97CRO75.
 "Since I never got a response [sic] or communication from you. [sic] I inquired of the clerk of courts. I received a court of appeals Docket #8 in which I sent to you for information of the findings. Both cases were dismissed and reconsideration denied. What happened?. [sic]
 "Please send me the transcripts of both trials, a copy of the appellate [sic] briefs for each appeal and the assignments of error. And any other motions or petitions filed in my behalf. As you were the appellate [sic] counsel in both cases. 95CR135 and 97CRO75.
"Respectfully Submitted.
"James T. Hammon"
On November 19, 1998, appellant's new counsel, Thomas R. Wetterer, Jr., of the Ohio Public Defender's Office, filed the present application to reopen the appeal on appellant's behalf. Appellant asserts therein that his original appellate counsel was ineffective, and that counsel's deficient representation caused his direct appeal to be dismissed by this court without a ruling on the merits. Appellant's application to reopen is supported by the attached affidavits of Wetterer and appellant.
Appellant states in his affidavit that Oglesby did not inform him that his appeal had been dismissed until more than ninety days after our decision dismissing the case had been filed. Appellant further states that when he realized that Oglesby could not get the appeal reinstated, appellant "contacted the Office of the Ohio Public Defender and asked for legal assistance."
Wetterer states in his affidavit that, in his opinion, appellant was prejudiced by Oglesby's failure to properly follow the appellate rules and to secure a trial transcript for the appeal. Wetterer further states that, as a result of the dismissal, appellant was deprived of even a "minimal appellate review" of his claims.
The state responds that appellant has not demonstrated good cause for filing his application for reopening more than ninety days after the dismissal of his appeal. In support thereof, the state argues that appellant could have checked with the clerk of courts once a week to check on the progress of his appeal. The state further responds that appellant's application should be denied because he "has failed to present any assignments of error or arguments in support of assignments or error that previously were not considered on the merits in the case."
App. R. 26 (B) (2) sets forth the requirements of an application to reopen and reads in relevant part:
 "An application for reopening shall contain all of the following:
"* * *
 "(b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment;
 "(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation [.]"
Pursuant to App. R. 26 (B) (5) "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."
In this case, it is undisputed that appellant did not file his application for reopening within the ninety days mandated by App. R. 26 (B) However, the record also demonstrates that appellant's original appellate counsel failed in his duty to inform appellant that the case had been dismissed, and that appellant discovered the dismissal only after he personally contacted the clerk's office in April 1998. It is further undisputed that, due to the failure of appellant's original appellate counsel to arrange for the timely preparation and transmission of the transcript and to file an appellate brief, his original appeal was dismissed. Therefore, it appears that prior counsel's failure to follow the procedure set forth in the Appellate Rules has prevented appellant and present counsel from now complying with the requirements of App. R. 26(B) (2) (c).
Upon consideration of the foregoing, this court finds that, under the unique circumstances of this case, appellant has established good cause for his failure to timely file his application for reopening. We further find that, in the interest of justice, appellant should not be required to comply with App. R. 26 (B) (2) (c). Accordingly, appellant has raised a genuine issue as to whether he was deprived of the effective assistance of appellate counsel, and his application to reopen is well-taken.
This appeal is hereby reopened and shall proceed as provided in the Rules of Appellate Procedure. It is so ordered.
George M. Glasser, J. ---------------------------- JUDGE
James R. Sherck, J. ---------------------------- JUDGE
Richard W. Knepper, J. CONCUR. ---------------------------- JUDGE